Docket No. 24-10327-J

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

---

MARSHA W. MIGNOTT,
Individually and on behalf of
all others similarly situated

Appellant

v.

STATE BAR OF GEORGIA FOUNDATION, INC.,
STATE BAR OF GEORGIA OFFICE OF
THE GENERAL COUNSEL,
ASSISTANT GENERAL COUNSEL
WILLIAM VAN HEARNBURG JR.,
In his Official Capacity,

Appellees

---

ON APPEAL FROM THE NORTHERN DISTRICT COURT DECISION
_____

**APPELLANT'S BRIEF**
_____

MARSHA W. MIGNOTT (141933).
Attorney for Appellant
**THE MIGNOTT LAW GROUP LLC**
4945 Presidents Way
Tucker, Georgia 30084
(770) 621-5499 Office
(770) 621-5496 Fax

**No.** 24-10327-J

*Marsha W. Mignott, et al v. State Bar of Georgia, et al*

## <u>CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT</u>

The undersigned counsel of record for Appellant, Marsha W. Mignott certify that the following persons or entities have an interest in the outcome of this case:

1. Ardnt, Patrick N. – Attorney for Appellee/Defendant

2. Boyd, Tamorra – Purported Class Member/Appellant

3. Davis, Willie – Purported Class Member/Appellant

4. Frederick, Paula J. – General Counsel for the State Bar of Georgia

5. Goldstucker, Robert L. – Attorney for Appellee/Defendant

6. Hearnburg Jr., William V. – Assistant General Counsel/Appellee

7. Lain, Cynthia – Purported Class Member/Appellant

8. Mignott, Marsha W. – Appellant/Plaintiff/Attorney for Appellant

9. Nall & Miller, LLP – Law firm for Appellee

10. Roberts, Grady – Purported Class Member/Appellant

11. Ross, Eleanor L. – United States District Court Northern District of Georgia Judge (Atlanta)

12. Saunders, Amber – Purported Class Member/Appellant

13. Simpson, Michelle – Purported Class Member/Appellant

14. State Bar of Georgia Foundation Inc, – Appellee

i

15. State Bar of Georgia Office of the General Counsel – Appellee

16. The Mignott Law Group, LLC – Law firm for Appellant

This representation is made so that the judges of this Court may evaluate possible disqualification and recusal.

*/s/Marsha W. Mignott, Esq.*
MARSHA W. MIGNOTT (141933).
*Attorney for Appellant and*
*Putative Class Counsel*

**THE MIGNOTT LAW GROUP, LLC**
4945 Presidents Way
Tucker, Georgia 30084
(770) 621-5499 Phone
(770) 621-5496 Fax

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is warranted in this case because it raises important legal issues regarding whether the Supreme Court of Georgia has jurisdiction over money damages claims for violation of 42 U.S.C. 1981. Whether State Bar of Georgia Rules usurp Federal jurisdiction for violation of 42 U.S.C. 1981.

## <u>TABLE OF CONTENTS</u>

STATEMENT OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT…………….....……………….……………….. i

STATEMENT REGARDING ORAL ARGUMENT……………………...……… ii

TABLE OF CONTENTS…………………………………………………….... iv

TABLE OF CITATIONS….………………………………………………... vi

JURISDICTIONAL STATEMENT……………………………………………..1

STATEMENT OF ISSUES ON APPEAL…………………………………………1

STATEMENT OF THE CASE…………………………………………...……..2

     I.     COURSE OF PROCEEDINGS AND DISPOSITION BELOW…….…2

     II.    STATEMENT OF FACTS…………………………………...……2

     III.   STANDARD OF REVIEW…………………………………..……5

SUMMARY OF ARGUMENT…………………………………………………8

ARGUMENT………………………………………………...…………11

     I.     DISTRICT COURT HAS JURISDICTION OVER INTENTIONAL RACE DISCRIMINATION PROTECTED UNDER THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981.…………………………………………………………11

          A.    The Complaint Properly Asserts Claims of Intentional Racial Discrimination…………………………………………...….11

          B.    The District Court Erred in Dismissing Plaintiff's Case on the Ground That She Failed to Provide More Than An "Anecdotal Example of a Grievance Against a White Attorney Being Dismissed".…………………………………………………14

II.       THE SUPREME COURT OF GEORGIA WOULD NOT AFFORD ADEQUATE PROTECTION TO APPELLANT AND/OR PROSPECTIVE CLASS MEMBERS…………………………………15

       A.     Federal Court has Jurisdiction to Adjudicate Claims for Violation of 28 U.S.C. § 1331 (federal question) and Under 28 U.S.C. § 1343 (civil rights)…………………………...……15

       B.     The Supreme Court is a Court of Review…………..………..16

III.     STATE BAR OF GEORGIA RULES DO NOT USURP FEDERAL JURISDICTION FROM A U.S. DISTRICT COURT FOR VIOLATIONS OF THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981………………………………………………….…………17

IV.     THE DISTRICT COURT ERRED IN ACCEPTING THE APPELLEES' PROFFERED REASON (I.E. MIGNOTT SEEKS TO CHALLENGE THE ACTION OR INACTION OF THE STATE BAR) FOR RACIAL DISCRIMINATION ON A MOTION TO DISMISS………………………………………………….………19

CONCLUSION…………………………………………………......21

CERTIFICATE OF COMPLIANCE WITH FED. R. APP. P. 32(g)…………..23

CERTIFICATE OF SERVICE……………………………………………24

# <u>TABLE OF CITATIONS</u>

## Cases

*Ashcroft v. Iqbal*,
     556 U.S. 662, 678 (2009)…………………………..……………………..5

*Atlantic Corp. v. Twombly*,
     550 U.S. 544, 570 (2007)…………………..……………………….5

*Bowery Sav. Bank v. Dekalb Cnty.*,
     239 Ga. 398, 236 S.E.2d 757 (1977)…………………….……………...…..16

*Bramlet v. Wilson*,
     495 F.2d 714, 716 (8th Cir.1974)…………………………………………9

*Castillo v. Allegro Resort Mktg.*,
     603 F. App'x. 913, 915 (11th Cir. 2015)……………….………………....5

*Caterpillar Inc. v. Williams*,
     482 U.S. 386, 393 (1987)……………………….,…….……………………4

*Coleman v. Watt*,
     40 F.3d 255, 258 (8th Cir.1994)………………………………….……10

*Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*,
     140 S. Ct. 1009, 206 L……………………………………...….…10, 20

*E.E.O.C. v. J & R Baker Farms, LLC*,
     No. 7:14-CV-136 HL, 2015 WL 4753812 (M.D. Ga. Aug. 11, 2015)…….14

*Hazen Paper Co. v. Biggins*,
     507 U.S. 604, 113 S. Ct. 1701, 123 L. Ed. 2d 338 (1993)………..………..21

*Lawrence v. Dunbar*,
     919 F.2d 1525 (11th Cir. 1990)………………………………...…….6, 7

*Lyle v. Vill. of Golden Valley*,
     310 F. Supp. 852 (D. Minn. 1970)………………………………………15

*Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n,*
    457 U.S. 423, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982)…………..……….15

*Mortensen v. First Fed. Sav. & Loan Ass'n,*
    549 F.2d 884, 892 (3d Cir.1977)……………………………………………….7

*Patterson v. McLean Credit Union,*
    491 U.S. 164, 109 S. Ct. 2363, 105 L. Ed. 2d 132 (1989)……………....…6

*Pillow v. Bechtel Const., Inc.,*
    201 F.3d 1348, 1351 (11th Cir. 2000) ..……………………………………..5

*Schmedding v. Tnemec Co., Inc.,*
    187 F.3d 862, 864 (8th Cir.1999) ..……………………….…..………...9

*Skinner v. Switzer,*
    562 U.S. 521, 530 (2011) ……………………………………………...6

*Smith v. Ouachita Tech. Coll.,*
    337 F.3d 1079 (8th Cir. 2003)………………………………..…….10

*Saint Francis Coll. v. Al-Khazraji,*
    481 U.S. 604, 107 S. Ct. 2022, 95 L. Ed. 2d 582 (1987)…………...………12

*Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.,*
    524 F.3d 1229 (11th Cir. 2008)……………………………….……21

*Taylor v. Jones,*
    653 F.2d 1193 (8th Cir. 1981)………………………………………8

## Statutes and Legislative Materials

28 U.S.C. § 1331…………………………………………….…1, 6, 8, 15

28 U.S.C. § 1343…………………………………………….…1, 6, 8, 15

42 U.S.C. § 1981………………………………………………...…passim

Civil Rights Act of 1866………………………………………..…………passim

**Federal Rules & Procedures**

Fed. R. Civ. P. 8(a)……………………………………………………………....5

**Other Authorities**

State Bar of Georgia Rule 4-225…………………………………………………16

## JURISDICTIONAL STATEMENT

Jurisdiction is proper in this case under 28 U.S.C. § 1331 (federal question) and under 28 U.S.C. § 1343 (civil rights), as this appeal arises from a judgment dismissing a civil action in the United States District Court for the Northern District of Georgia ("NDGA"), alleging violations of the Civil Rights Act of 1866, 42 U.S.C. § 1981. This Court has appellate jurisdiction pursuant to 28 U.S.C. § 1291. The District Court entered a final judgment granting Appellees' Motion to Dismiss on December 27, 2023. [**Doc. 26**]. A notice of appeal was timely filed on January 26, 2024 [**Doc. 28**].

## STATEMENT OF ISSUES ON APPEAL

(1) Whether a District Court has Jurisdiction over Intentional Race Discrimination Under the Civil Rights Act of 1866, 42 U.S.C. § 1981.

(2) Whether the Supreme Court of Georgia Would Afford Adequate Protection to Appellant and/or Prospective Class Members for Violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981.

(3) Whether State Bar of Georgia Rules *usurp* federal jurisdiction from a U.S. District Court for violations of the Civil Rights Act of 1866, 42 U.S.C. § 1981.

(4) Whether the District Court erred in accepting the Appellees' proffered

Reason (i.e. Mignott seeks to challenge the action or inaction of the State Bar) for racial discrimination on a motion to dismiss.

## STATEMENT OF THE CASE

### I.    COURSE OF PROCEEDINGS AND DISPOSITION BELOW

This is a prospective Class Action filed on April 23, 2023, in the U.S. District Court for the Northern District of Georgia by Marsha W. Mignott (hereinafter "Mignott") who is African American on behalf of herself, and others similarly situated for damages, costs, and attorneys' fees, alleging a continuing pattern of racially discriminatory conduct in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981 against Mignott and prospective class members similarly situated. [**Doc. 1**]. On May 11, 2023, Appellee moved to dismiss. [**Doc. 10**]. On May 25, 2023, Appellant filed a response to Appellees' motion to dismiss. [**Doc. 13**]. On December 27, 2023, the District Court granted Appellees' motion. [**Doc. 26**]. On January 26, 2024, Mignott filed the instant appeal. [**Doc. 28**].

### II.    STATEMENT OF FACTS

Plaintiff-Appellant Marsha W. Mignott is a licensed African American attorney who is a member in good standing with the State Bar of Georgia, since 2005 with no private and or public disciplinary history. Mignott began her career with the Fulton County District Attorney's Office which persisted from 2001-2005 under the apprenticeship of Paul Howard Jr.  Subsequent to passing the Georgia

Bar Exam in May 2005, Mignott transitioned to private practice, and she remains engaged in private practice to date.

In 2018, Appellees collaborated with nonparties Deborah Segal, a white female attorney, Doreen A. Mitchell, client of Deborah Segal, Atlanta Volunteer Lawyers Foundation ("AVLF") and its agents to produce a forged law firm document belonging to Mignott; for the sole purpose of pursuing a fraudulent grievance against Mignott. Appellees' actions were malicious and racially motivated because Mignott is African American. Mignott's claims of racial discrimination are evidenced by the fact the Appellees engaged in criminal conduct of creating a forged document for use as a catalyst to initiate a fraudulent disciplinary proceeding against Mignott. During the discovery process of the administrative proceedings, Mignott secured documents which revealed that the Appellees have designed an apartheid disciplinary process which is used to disproportionately discipline African American attorneys and attorneys of color.[1]

Mignott filed suit in the U.S. District Court for the Northern District of Georgia as a prospective Class Action Complaint to shine a light on the racial injustices that take place inside the State Bar of Georgia Office of General Counsel at the hands of Assistant General Counsel William Van Hearnburg, Jr. a White

---

[1] Appellees' have fought to conceal their internal data which proves that African American attorneys and attorneys of color are disciplined and/or disbarred at a disparate rate compared to their White counterparts.

male and all his affiliates, agents, attorneys and assigns. Most notably, White attorneys are treated differently than their African American attorneys and/or attorneys of color. The trial court acknowledge that "…complete pre-emption applies when the 'pre-emptive force of a [federal] statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim[.]' <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 393 (1987) (cleaned up)."

But the court ultimately rejected this argument, reasoning that "once an area of state law has been completely preempted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." <u>Id.</u> The court further rejected the argument that the NDGA retained subject matter jurisdiction pursuant to the "substantial federal question doctrine" and found that the doctrines were inapplicable to the present case, reasoning that Mignott brought a federal--rather than a state--cause of action which seeks to challenge the action or inaction related to State Bar disciplinary proceedings.

Finally, the Court mechanically accepted, on a motion to dismiss posture, Appellee's misstatements that Mignott's discrimination claim was a cause of action which seeks to challenge the action or inaction of the State Bar or any person in connection with a disciplinary proceeding. To the contrary, Mignott filed the action seeking money damages not afforded by the Supreme Court of Georgia

for Appellee's quasi-RICO acts in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981.

## III.    STANDARD OF REVIEW

The Eleventh Circuit Court of Appeals reviews a district court's ruling on subject matter jurisdiction *de novo*. Pillow v. Bechtel Const., Inc., 201 F.3d 1348, 1351 (11th Cir. 2000), applying the same standard as the district court. Castillo v. Allegro Resort Mktg., 603 F. App'x. 913, 915 (11th Cir. 2015). To survive a motion to dismiss, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard is met when the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell 6 Case: 17-13023 Date Filed: 08/14/2017 Page: 16 of 46 Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When determining whether a complaint meets this plausibility standard, the court must accept the facts in the complaint as true and must view them in the light most favorable to the plaintiff. *See Twombly,* 550 U.S. at 555; *Castillo,* 603 F. App'x. at 915.

The complaint does not need to contain "detailed factual allegations," but simply sufficient factual content to allow the court to draw a reasonable inference that the defendant is liable. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at

555). The plausibility standard does not "impose a probability requirement at the pleading stage," and a complaint may proceed even if the court suspects that uncovering actual proof of the pleaded facts is improbable, and recovery is unlikely. *Twombly,* 550 U.S. at 556. Additionally, the complaint need not be a "model of the careful drafter's art" nor must it accurately detail a "precise legal theory." Skinner v. Switzer, 562 U.S. 521, 530 (2011). In truth, "motions that also implicate the merits of a claim, the full panoply of protections afforded the party opposing such a motion will apply…." Lawrence v. Dunbar, 919 F.2d 1525 (11th Cir. 1990).

"In order to prevail under § 1981, plaintiff must prove purposeful discrimination. 42 U.S.C.A. § 1981." Patterson v. McLean Credit Union, 491 U.S. 164, 109 S. Ct. 2363, 105 L. Ed. 2d 132 (1989). Appellant submits that Appellees engaging in criminal conduct of creating a forged document to use as a mechanism to pursue a fraudulent disciplinary action is a blatant violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981, and is actionable under 28 U.S.C. § 1331 (federal question) and under 28 U.S.C. § 1343 (civil rights).

"This standard of appellate review, however, gives inadequate regard to the realities of such an attack when the jurisdictional basis of a claim is intertwined with an element of the cause of action because, in those cases, the attack on jurisdiction is also an indirect attack on the merits. When the jurisdictional basis of

6

a claim is intertwined with the merits, the district court should apply a <u>Rule 56</u> summary judgment standard when ruling on a motion to dismiss which asserts a factual attack on subject matter jurisdiction. *See* <u>*Williamson,* 645 F.2d at 415–16.</u> Our review is therefore plenary." <u>Lawrence v. Dunbar</u>, 919 F.2d 1525 (11th Cir. 1990).

"Here, as in *Eaton,* the plaintiff has made "a fairly substantial showing of subject matter jurisdiction." <u>*Eaton,* 692 F.2d at 734.</u> Since the INS's motion was functionally an indirect attack on the merits of the plaintiff's claim, we conclude that "it is incumbent upon the trial judge to demand less in the way of jurisdictional proof than would be appropriate at a trial stage." <u>Mortensen v. First Fed. Sav. & Loan Ass'n</u>, 549 F.2d 884, 892 (3d Cir.1977). Furthermore, since we adopt a summary judgment standard in evaluating <u>Rule 12(**b**)(**1**)</u> motions that also implicate the merits of a claim, the full panoply of protections afforded the party opposing such a motion will apply here. Accordingly, we VACATE the district court's dismissal for lack of subject matter jurisdiction and REMAND for further proceedings consistent with this opinion. We express no opinion on the merits of the plaintiff's claim. We simply hold that under the law of this circuit, *see Eaton* and *Williamson,* federal claims should not be dismissed on motion for lack of subject matter jurisdiction when that determination is intermeshed with the merits of the claim and when there is a dispute as to a material fact." Id.

## SUMMARY OF THE ARGUMENT

The District Court's decision should be reversed because its legal conclusion is contrary to the text and history of jurisdiction under 28 U.S.C. § 1331 (federal question) and under 28 U.S.C. § 1343 (civil rights) and contravenes binding case law from the Supreme Court and this Circuit recognizing that violations of the Civil Rights Act of 1866, 42 U.S.C. § 1981 are proper before a federal court. The decision also improperly required Mignott's Complaint to satisfy proof requirements that do not apply at the motion to dismiss stage, and misconstrued Mignott's Complaint in favor of Appellees by crediting its proffered justification for violations of the Civil Rights Act of 1866, 42 U.S.C. § 1981.

Mignott alleges that she and those similarly situated are victims of Appellee's violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981, guised as governance over the practice of law in the State of Georgia. These allegations clearly state a claim under the Civil Rights Act of 1866, 42 U.S.C. § 1981. The Civil Rights Act of 1866, 42 U.S.C. § 1981 prohibits *any* kind of discrimination. "Section 1981 applies to all types of racial discrimination, public or private. 42 U.S.C.A. § 1981." Taylor v. Jones, 653 F.2d 1193 (8th Cir. 1981). Appellees' intentional racial discrimination constitutes the very type of conduct Congress intended to prohibit when it enacted the statute. Moreover, Mignott and all prospective class members would be deprived of the right to seek money damages

for the financial damages suffered at the hands of the Appellees; in that, the Supreme Court of Georgia is a court of review and the violative conduct at issue is the Appellees collaborative criminal conduct of creating a forged document in order to pursue a fraudulent grievance, to intentionally discriminate against Mignott because of her race.

The Court's ruling was also erroneous because it hinged on Mignott's failure to provide more than an "anecdotal example of a grievance against a white attorney being dismissed" **[Doc. 26 p.6],** requiring Mignott to meet a higher standard than required by law on a motion to dismiss. As the Supreme Court and this Court have made clear, a plaintiff need not allege a *prime facie* case in order to survive a motion to dismiss. Moreover, the ruling was also erroneous because it infers that Appellees can engage in the violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981, so long as the intentional discrimination is in connection with a disciplinary proceeding. Remarkably, the Court's ruling encourages the Appellees to continue to engage in its blatant violation of 42 U.S.C. § 1981, so long as said intentional racial discrimination is guised as disciplinary proceedings.

"All that is required of a complaint is 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Schmedding v. Tnemec Co., Inc., 187 F.3d 862, 864 (8th Cir.1999) (quoting Fed.R.Civ.P. 8(a); citing Bramlet v. Wilson, 495 F.2d 714, 716 (8th Cir.1974)). "Furthermore, the complaint is to be

9

liberally construed in the light most favorable to the plaintiff." *Id.* (citing *Coleman v. Watt,* 40 F.3d 255, 258 (8th Cir.1994)). A complaint should not be dismissed, nor a cause of action pled therein ignored, "merely because it does not state with precision all elements that give rise to a legal basis for recovery." *Id.* (citing <u>*Bramlet,* 495 F.2d at 716).</u>" <u>Smith v. Ouachita Tech. Coll.,</u> 337 F.3d 1079 (8th Cir. 2003).

Finally, the District Court erred in accepting, on a motion to dismiss, Appellees' stated reason that their intentional discrimination against Mignott should be dismissed "Since Mignott's action clearly relates to the actions of Defendants in connection with her disciplinary proceedings, this Court lacks subject-matter jurisdiction over Mignott's claims and must dismiss the instant action" **[Doc. 26, p.10 ¶ 1],** rather than accepting as true the reasons alleged in the Complaint—Mignott was intentionally pursued using a forged document to create a fraudulent grievance to commence a disciplinary action against Mignott because of her race, while White male attorneys were treated differently. **[Doc. 1, p.4-14].** The Court's failure to apply the correct standard deprived Mignott of the opportunity, guaranteed at the pleading state, to gather evidence to rebut Appellees' proffered reason for participating in a fraudulent disciplinary matter and ultimately prove the discrimination was the true motive. <u>Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media</u>, 140 S. Ct. 1009, 206 L. Ed. 2d 356 (2020).

For all the reasons asserted above, this Honorable Court should reverse and vacate the District Court' decision and remand the case for further proceedings.

<u>ARGUMENT AND CITATIONS OF AUTHORITY</u>

I. **DISTRICT COURT HAS JURISDICTION OVER INTENTIONAL RACE DISCRIMINATION PROTECTED UNDER THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981.**

    A. **The Complaint Properly Asserts Claims of Intentional Racial Discrimination.**

The District Court held that Mignott's allegation that she was the victim of intentional racial discrimination at the hands of the Appellees, could not as a matter of law, under 42 U.S.C. § 1981 provide jurisdiction, because "Plaintiff's Complaint necessarily implicates and challenges 'the action or inaction of the State Bar or any person in connection with a disciplinary proceeding.'" As a threshold matter, this ruling misconstrues Plaintiff's allegations as well as the applicable law.

The heart of Mignott's Complaint is that she was a victim of intentional racial discrimination at the hands of the Appellees.[2] While the Court initially accurately referenced her allegations as relating to "disciplinary proceedings." **[Doc. 26, p.2],** it ultimately construed the Complaint as alleging that the Court should adjudicate State Bar of Georgia disciplinary proceedings. **[Doc. 26, p.6 fn. 4].** Undeniably, the Complaint specifies that "African American attorneys are

---

[2] The Complaint refers to Defendants collaboration with non-parties to forge Plaintiff's law firm documents; for the sole purpose of initiating a fraudulent grievance against the Plaintiff, intentionally discriminating against Plaintiff because of her race. [Doc. 1, p.10-14].

sanctioned for grievances filed by a member of the public…while [w]hite attorneys' grievances are dismissed." **[Doc. 1, p.8 ¶ 17];** this makes clear that Mignott and those similarly situated are not afforded the equal rights under the law nor are they subject to like punishment as afforded by 42 U.S.C. § 1981.

> (a) Statement of equal rights
> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, **and shall be subject to like punishment**, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

"In passing statute guaranteeing equal rights under the law, Congress intended to protect from discrimination identifiable classes of persons who were subjected to intentional discrimination solely because of their ancestry or ethnic characteristics; such discrimination is "racial discrimination" that Congress intended statute to forbid, whether it would be classified as racial in terms of modern scientific theory. 42 U.S.C.A. § 1981." Saint Francis Coll. v. Al-Khazraji, 481 U.S. 604, 107 S. Ct. 2022, 95 L. Ed. 2d 582 (1987).

"Moreover, § 1981's legislative history indicates that Congress intended to protect identifiable classes of persons who are subjected to intentional discrimination solely because of their ancestry or ethnic characteristics. However, a distinctive physiognomy is not essential to qualify for § 1981 protection. Thus, if

respondent can prove that he was subjected to intentional discrimination based on the fact that he was born an Arab, rather than solely on the place or nation of his origin or his religion, he will have made out a § 1981 case." Id.

The Court's characterization suggests that there is no remedy at law for intentional racial discrimination in a District Court so long as the facts and violations of § 1981 are entangled with State Bar disciplinary proceedings. While it is unclear whether and to what extent this characterization reflects a value judgment regarding Mignott's constitutional rights and Appellee's motive for engaging in criminal acts to create a fraudulent grievance because of Mignott's race, it perceptibly falls outside the four corners of the Complaint. Certainly, evidence regarding intentional racial discrimination of the Appellees and the implications of same may be explored in discovery or at trial.

Therefore, it was improper for the Court to recast Mignott's Complaint at the motion to dismiss stage, when the District Court was bound to accept Mignott's allegations regarding the racially motivated reasons for Appellees violation of 42 U.S.C. § 1981. This Honorable Court should therefore view the Complaint as asserting claims based on intentional racial discrimination, rather than a challenge of the action or inaction of the State Bar. Properly construed, the Complaint asserts viable claims under the Civil Rights Act of 1866, 42 U.S.C. § 1981.

**B.**    **The District Court Erred in Dismissing Plaintiff's Case on the Ground That She Failed to Provide More Than An "Anecdotal Example of a Grievance Against a White Attorney Being Dismissed"**

The District Court found that Mignott sought to challenge the action or in action of the State Bar, despite the fact that nothing in the Complaint alleges that Mignott sought to challenge the constitutionality of any State Bar of Georgia Rule. This finding was inappropriate at the pleading stage and reflects a failure to accept as true Mignott's allegations regarding the real reason for the racial discrimination, or to view them in the most favorable light, as it was bound to do on a motion to dismiss. *See Twombly*, 550 U.S. at 555; *Castillo*, 603 F. App'x. at 915; *E.E.O.C.* v. *J & R Baker Farms, LLC*, No. 7:14-CV-136, 2015 WL 4753812, at *4 (M.D. Ga. Aug. 11, 2015) ("[W]hether or not there is some alternative, non-discriminatory reason for the [adverse action] has yet to be seen. But that is not the standard at this stage.").

As a consequence, Mignott was completely deprived of the opportunity to rebut the Appellee's reason for dismissal and demonstrate that it was pretext, and ultimately, to prove that the true reason for the Appellees' actions was racial discrimination as she has alleged. Likewise, Mignott should have been afforded the chance, for example, to engage in discovery and take depositions of material witnesses to determine whether Appellees explanations were consistent.

14

## II.    THE SUPREME COURT OF GEORGIA WOULD NOT AFFORD ADEQUATE PROTECTION TO APPELLANT AND/OR PROSPECTIVE CLASS MEMBERS.

### A.    Federal Court has Jurisdiction to Adjudicate Claims for Violation of 28 U.S.C. § 1331 (federal question) and Under 28 U.S.C. § 1343 (civil rights).

The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C.A. § 1331. "This section and § 1343 of this title conferring jurisdiction on United States district courts to hear certain causes of action do not create rights but merely give power to hear causes and act when rights are asserted under other provisions." Lyle v. Vill. of Golden Valley, 310 F. Supp. 852 (D. Minn. 1970). Here, Mignott's cause of action gives power to the District Court to hear and act; in that, the rights asserted under Civil Rights Act of 1866, 42 U.S.C. § 1981 are within the purview of the Court. Accordingly, the District Court's Order of Dismissal should be reversed.

"Abstention is based upon theory that accused should first set up and rely upon his defense in the state courts, even though this involves a challenge of validity of some statute, unless it plainly appears that such course would not afford adequate protection." Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982). Mignott and others similarly situated have suffered financial ruin at the hands of the Appellees and

would not be afforded adequate protection in the state courts. Thus, reversal of the Court's dismissal is warranted, to prevent the unbridled racial discrimination guised as "action or inaction of the State Bar," under State Bar of Georgia Rule 4-225.

"Supreme Court of Georgia does not have jurisdiction of all constitutional questions, but only those which involve the construction of the Georgia and the United States Constitutions, or the constitutionality of state or federal laws." Bowery Sav. Bank v. Dekalb Cnty., 239 Ga. 398, 236 S.E.2d 757 (1977).

### B.    The Supreme Court is a Court of Review

The Georgia Constitution of 1983 provides that the Supreme Court shall be a court of review and shall exercise exclusive appellate jurisdiction in certain cases. The extent of the Court's jurisdiction is controlled jointly by the Georgia Constitution and by the Appellate Jurisdiction Reform Act of 2016. Ga. Const. art. VI, § 6, ¶ II. Consequently, Mignott and those similarly situated would not be afforded adequate protection if forced to bring their Civil Rights Act of 1866, 42 U.S.C. § 1981 claims, in the Supreme Court of Georgia. Moreover, the issues associated with the collaborative criminal conduct of the Appellees coupled with the financial damages sought are not related to State Bar of Georgia Rules and/or any challenge to said Rules. Furthermore, Mignott's Complaint seeks damages for the irreparable harm suffered by the Appellees' intentional racial discrimination,

including but not limited to damages suffered when Mignott's professional liabilities policy was cancelled [Doc. 24-5] as a result of the racial discriminatory acts of Appellees.

"To invoke Supreme Court's exclusive jurisdiction over cases involving constitutionality of law, ordinance, or constitutional provision, the constitutional question must have been raised and distinctly ruled upon in the trial court. Ga. Const. art. 6, § 6, para. 2(1)." Williams v. Regency Hosp. Co., LLC, 897 S.E.2d 466 (Ga. 2024).

Indeed, Mignott does not seek to challenge the constitutionality of State Bar of Georgia Rules. Hence, the District Court's ruling that Mignott must file her Complaint in the Supreme Court of Georgia, which affords no mechanism to pursue an original claim for violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981, is a complete bar for Mignott and all others similarly situated from equal protections under the law as prescribed by the enactment of 42 U.S.C. § 1981.

**III.    STATE BAR OF GEORGIA RULES DO NOT USURP FEDERAL JURISDICTION FROM A U.S. DISTRICT COURT FOR VIOLATIONS OF THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981.**

Mignott acquiesces that the Appellee has discretion to enforce State Bar Rules that are necessary to carry out the conduct of its business, as authorized by the Supreme Court of Georgia. Notwithstanding, the discretion for enforcing said Rules cannot be executed in a racial apartheid disciplinary process, without limits.

"We begin our analysis by recognizing that a district court has discretion to adopt local rules that are necessary to carry out the conduct of its business. See 28 U.S.C. §§ 1654, 2071; Fed.Rule Civ. Proc. 83. This authority includes the regulation of admissions to its own bar. A district court's discretion in promulgating local rules is not, however, without limits. This Court may exercise its inherent supervisory power to ensure that these local rules are consistent with "'the principles of right and justice.'" In re Ruffalo, 390 U.S. 544, 554, 88 S.Ct. 1222, 1227, 20 L.Ed.2d 117 (1968) (WHITE, J., concurring) (citation omitted)s 646 see In re Snyder, 472 U.S. 634, 643, 105 S.Ct. 2874, 2880, 86 L.Ed.2d 504 (1985); Theard v. United States, 354 U.S. 278, 282, 77 S.Ct. 1274, 1276, 1 L.Ed.2d 1342 (1957); Ex parte Burr, 9 Wheat. 529, 530, 6 L.Ed. 152 (1824).3 Section 2071 requires that local rules of a district court "shall be consistent with" the "rules of practice and procedure prescribed by the Supreme Court."4 Today we invoke our supervisory authority to prohibit arbitrary discrimination against members of the Louisiana Bar, residing and having their office out-of-state, who are otherwise qualified to join the Bar of the Eastern District." Frazier v. Heebe, 482 U.S. 641, 107 S. Ct. 2607, 96 L. Ed. 2d 557 (1987).

Mignott's Complaint sets out a *Prime Facie* case which requires the District Court to invoke its authority to prohibit arbitrary racial discrimination against members of the State Bar of Georgia such as Mignott and others similarly situated

(i.e. African American attorneys and/or attorneys of color). To affirm the Court's Order of Dismissal **[Doc. 26]** would be a grave injustice and affirmation of the District Court's dereliction of duty. Hence, equal protection under 42 U.S.C. § 1981, warrants this Honorable Court to reverse and remand the above-styled matter for further proceedings.

**IV.    THE DISTRICT COURT ERRED IN ACCEPTING THE APPELLEES' PROFFERED REASON (I.E. MIGNOTT SEEKS TO CHALLENGE THE ACTION OR INACTION OF THE STATE BAR) FOR RACIAL DISCRIMINATION ON A MOTION TO DISMISS.**

Finally, the District Court erred in finding that "Although Plaintiff asserts in conclusory fashion that the instant case does not seek to challenge Defendants' action or inaction in connection with any disciplinary proceeding, the Court finds that the plain language of Plaintiff's factual allegations…reveal otherwise." Mignott avers that "but for" her race the Appellees would not have collaborated with non-parties crimes to conjure a fraudulent grievance which was ultimately dismissed by the Supreme Court of Georgia in a scathing ruling issued on October 23, 2023. **[Doc. 24-3].** Most telling is the fact that the Appellees filed a Motion to Reconsider the Supreme Court of Georgia's October 23, 2023, in its unwavering efforts to intentionally discriminate against Mignott. **[Doc. 24-4].** Appellees debauched racial discrimination was rejected by the Supreme Court a second time in its November 16, 2023, ruling denying Appellee's Motion for Reconsideration. **[Doc. 24-6].**

The District Court's ruling deprives Mignott and others similarly situated of the opportunity to prove Appellees reason for dismissal was a pretext for intentional racial discrimination, in contravention of the Civil Rights Act Of 1866, 42 U.S.C. § 1981. Therefore, justice warrants that the Court's December 27, 2023, Order dismissing the Complaint **[Doc. 26]** be reversed and the matter remanded for adjudication.

"Discrimination claims brought under Title VII may be pursued under a single-motive theory, in which the employee alleges that unlawful bias was the true reason for an adverse employment action, or a mixed-motive theory, in which she alleges that bias was simply a motivating factor for the adverse action, even though other factors also motivated the practice. Civil Rights Act of 1964 § 703, 42 U.S.C.A. § 2000e-2(a)(1)." Phillips v. Legacy Cabinets, 87 F.4th 1313 (11th Cir. 2023). Hence, the Court's dismissal of Mignott's Complaint because the allegation was inextricably intertwined with disciplinary proceedings **[Doc. 26, p.8 ¶ 1],** is erroneous and should be reversed and he matter remanded for proper adjudication.

"The ancient and simple "but for" common law causation test supplies the default or background rule against which Congress is normally presumed to have legislated when creating its own new causes of action; that includes when it comes to federal antidiscrimination laws like § 1981." 42 U.S.C.A. § 1981." Comcast

Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media, 140 S. Ct. 1009, 206 L. Ed. 2d 356 (2020).

"…complainant proved prima facie case under Title VII of Civil Rights Act of 1964, and furthermore, employer, which assigned complainant's participation in unlawful conduct against it as cause for his rejection, discharged its burden of proof to articulate legitimate, nondiscriminatory reason for complainant's rejection, but on remand complainant had to be afforded a fair opportunity to show that employer's stated reason for complainant's rejection was in fact mere **pretext**. Civil Rights Act of 1964, § 701 et seq., 42 U.S.C.A. § 2000e et seq." McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973), holding modified by Hazen Paper Co. v. Biggins, 507 U.S. 604, 113 S. Ct. 1701, 123 L. Ed. 2d 338 (1993).

## CONCLUSION

Discrimination on the basis of race violates the Civil Rights Act of 1866, 42 U.S.C. § 1981. Furthermore, Mignott was not required to provide more than an "anecdotal example of a grievance against a white attorney being dismissed" at the motion to dismiss stage. "When defending against a facial attack, the plaintiff has 'safeguards similar to those retained when a Rule 12(b)(6) motion to dismiss for failure to state a claim is raised,' and 'the court must consider the allegations in the plaintiff's complaint as true." Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys.,

Inc., 524 F.3d 1229 (11th Cir. 2008). Therefore, it was improper for the District Court to credit Appellees proffered justification for its racial discrimination as Mignott's attempt to challenge the action or inaction of the State Bar.

Accordingly, the District Court's decision should be reversed and vacated, and the case should be remanded for future proceedings.

This 25ᵗʰ day of March, 2024.

Respectfully Submitted,

*/s/Marsha W. Mignott, Esq.*
MARSHA W. MIGNOTT (141933).
*Counsel for Appellant and*
*Putative Class Counsel*

**THE MIGNOTT LAW GROUP LLC**
4945 Presidents Way
Tucker, Georgia 30084
(770) 621-5499 Office
(770) 621-5496 Fax
lawyers@mignottlaw.com

## **CERTIFICATE OF COMPLIANCE WITH FED. R. APP. P. 32(g)**

1. This Brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B) because it contains 6296 words, excluding the parts of the Brief exempted by Fed. R. App. P. 32(a)(7)(B)(i), as calculated by the word-counting feature of Microsoft Office 365.

2. This Brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally-spaced typeface using Microsoft Word in 14-point Times New Roman.

Dated: March 25, 2024.

> */s/Marsha W. Mignott, Esq.*
> MARSHA W. MIGNOTT (141933).
> *Attorney for Appellant and*
> *Putative Class Counsel*

23

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify, I have filed the foregoing **APPELLANT'S BRIEF** electronically with the Court's CM/ECF system with a resulting electronic notice to all counsel of record. I further certify that I have caused a true and correct paper copy of the Brief to be served via first-class mail upon opposing counsel in this action addressed as follows:

**Robert L. Goldstucker, Esq.**
**Patrick N. Arndt, Esq**
**Nall & Miller, LLP**
**235 Peachtree Street N.E.**
**Suite 1500 – North Tower**
**Atlanta, Georgia 30303-1418**

This 25<u>th</u> day of <u>March</u>, 2024.

<u>/s/Marsha W. Mignott, Esq.</u>
MARSHA W. MIGNOTT (141933).
*Attorney for Appellant and*
*Putative Class Counsel*

**THE MIGNOTT LAW GROUP LLC**
4945 Presidents Way
Tucker, Georgia 30084
(770) 621-5499 Office
(770) 621-5496 Fax
Lawyers@mignottlaw.com